**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**THE PROVIDENT BANK,**

     **Plaintiff,**

**v.**                        **Case No.  8:10-cv-1338-T-33TBM**

**LYLE C. MATTSON, et al.,**

     **Defendants.**

_____/

**O R D E R**

THIS MATTER is before the court on Plaintiff, The Provident Bank's, **Motion to Strike Defendants' Expert Witnesses** (Doc. 27) and Defendants' response in opposition (Doc. 30).  By the motion, Plaintiff seeks an order, pursuant to Fed. R. Civ. P. 37, striking the five expert witnesses identified by Defendants in their expert witness list as Defendants have failed to provide written reports and/or a summary of the facts and opinions to which the witnesses are expected to testify as required by Fed. R. Civ. P. 26(a)(2).  Defendants respond that these witnesses are not specially retained experts subject to the reporting requirements of Rule 26(a)(2)(B) and that Defendants have otherwise adequately disclosed the substance of the witnesses' anticipated testimony.

By way of pertinent factual background, this case arises out of the purchase by Defendants of a 48-foot Viking Convertible yacht, the financing for same pursuant to a Vessel Installment Loan Note and Preferred Mortgage of Vessel, and the subsequent default by

Defendants on the loan.   (Doc. 1).   The exhibits to the Complaint reflect a loan amount of

$963,204.00, for which the yacht served as collateral.   (Doc. 1-1 at 1-3).   Upon default of the

loan by Defendants, the yacht was ultimately repossessed and sold at a public sale for

$508,000.00 .   *Id.* at 13-15.   By Defendants' affirmative defenses, Plaintiff rejected an offer

by Galati Yachts to purchase the vessel for $600,000.00.   (Doc. 7 at 2).   The five witnesses at

issue are :

> 1. Brian Hoynowski, Galati Yacht Sales
>
> 2. Michael Galati, Galati Yacht Sales
>
> 3. Sam Chavers, Marina Jack, Inc.
>
> 4. Daniel Thomas
>
> 5. Representatives of Fox Yacht Sales

By the motion, it is unclear to the Plaintiff whether these witnesses which were

disclosed February 28, 2011, on Defendants' Expert Witness List, are "retained experts."  If

they are retained experts, Defendants have failed to provide an expert report as dictated by the

federal rules.   And even if they are not "retained," Defendants have still failed to comply with

the requirement that expert witnesses who do not provide a report are to disclose a "summary

of the facts and opinions to which the witness is expected to testify."  Fed. R. Civ. P.

26(a)(2)(C).  As no substantial justification exists for failing to provide the information,

Plaintiff urges the expert witnesses should be stricken pursuant to Fed. R. Civ. P. 37(c).

In response, Defendants contend that these individuals are fact witnesses who played

a direct role in the actions referenced in the Complaint, but who will also offer expert

opinions given their experience in the boating industry.  Additionally, Defendants note that the identity of these witnesses and the general substance of their knowledge has long been known to the Plaintiff as these witnesses were disclosed in Initial Disclosures served October 5, 2010, and in Answers to Interrogatories served November 1, 2010.  Plaintiff failed to take the depositions of any of these individuals nor did it seek to inquire further regarding their testimony.  Because these witnesses  are not retained experts, they are not subject to the reporting requirements, and by Defendants' argument, any further detail regarding the substance of their opinions should have been explored by deposition which Plaintiff elected not to pursue.

Upon consideration, Plaintiff's Motion to Strike Defendants' Expert Witnesses (Doc. 27) is **granted in part**.  Because the five "expert" witnesses were not retained or specially employed to provide expert testimony as contemplated by Rule 26(a)(2)(B), a written report was not required.  *See  Prieto v. Malgor*, 361 F.3d 1313, 1318 (11th Cir. 2004) (per curiam) (internal quotation marks omitted) (reporting requirements of Rule 26(a)(2)(B) generally do not apply to "experts who are testifying as fact witnesses, although they may also express some expert opinions"); *see also* Middle District Discovery (2001) at 9 ("The expert report is not required of a 'hybrid' witness . . . who was not specifically retained for the litigation and will provide both fact and expert testimony . . . .").  By my consideration, Defendants' responses to Initial Disclosures and Answers to Interrogatories, while somewhat brief, nevertheless provided Plaintiff with the general substance about which these witnesses were expected to testify and an order striking these witnesses is entirely unwarranted.  However,

3

consistent with the dictates of Rule 26(a)(2)(C), Defendants shall, within fourteen (14) days from the date of this Order, provide a summary of the facts and opinions to which each of these witnesses is expected to offer expert opinion/testimony at the trial of this cause.  In all other respects, Plaintiff's motion (Doc. 27) is **denied**.

**Done and Ordered** in Tampa, Florida, this 26th day of April 2011.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

4